IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  06-10001 -01, -02-WEB |
| ) | |
| JAMES S. PHILLIPS, JR., and ) | |
| ALICIA MORALES-PHILLIPS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**Memorandum and Order**

This matter came before the court on the defendants' objections to the Presentence Report and for sentencing.  The court orally ruled on the objections at the sentencing hearing of May 3, 2007.  This written order will supplement the court's oral ruling.

I. *Objections*.

A. Description of the offense conduct.  Defendant James Phillips has filed 14 objections to the Presentence Report, and he has also filed a Sentencing Memorandum seeking a departure or variance to allow a sentence of probation with home confinement.  Defendant Alicia Morales-Phillips has filed 8 objections to the Presentence Report.  The overwhelming majority of the objections relate to the PSR's description of the offense conduct.  The defendants challenge numerous statements in the Report about the offense or about the investigation into their conduct.  To some extent these objections are addressed by the court's recent order denying the defendants' motion for judgment of acquittal.  Moreover, the court concludes it need not make a finding as to most of these objections, because the disputed matters will not affect the sentence.  *See*

Fed.R.Crim.P. 32(i)(3)(B).

B. 3-Level Enhancement under § 2L2.1. The defendants also object to the 3-level increase in PSR ¶ 43 for an offense involving 8 documents. The Court will deny this objection. The jury found the defendants guilty of making or using 8 false immigration documents, and the 3-level increase in Section 2L2.1 applies to an offense involving anywhere between 6 to 24 documents. And, as noted in the Court's ruling on the defendants' motion for judgment of acquittal, the Court finds the convictions on these counts to be supported by the evidence. Accordingly, the increase is appropriate under the Guidelines.

The Court concludes that the Presentence Report correctly determined that the Offense Level is 14, the Criminal History Category is I, and the advisory sentencing guideline range is 15-21 months' imprisonment.

II. *Departure or Variance*.

The court finds no basis in this case for a "departure," as that term is used in the guidelines, but it concludes that the factors in § 3553(a) warrant a "variance" below the advisory guideline range. *See United States v. Booker*, 543 U.S. 220 (2005) (district court is required to consider the guideline range, but it may tailor the sentence in light of the statutory factors in § 3553(a)).

Under 18 U.S.C. § 3553(a), the court must impose a sentence "sufficient, but not greater than necessary, to comply" with the following purposes – the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In making this determination, the court must consider a number of factors, including: the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing outlined above; the kinds of sentences available; the kinds of sentences and the sentencing range established for the offense under the sentencing guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

The court has considered the factors in § 3553(a), including the advisory guideline range, as they apply to both defendants. As to defendant James Phillips, Jr., the court concludes there are factors that warrant a sentence below the advisory guideline range. Mr. Phillips is a 61-year old with no history of criminal activity. His offenses of conviction were non-violent and not sophisticated or complex. He does not have a history of aggressive or disorderly conduct and therefore poses a low risk of danger to the community. He also suffers from significant health problems. The court finds that the factors in § 3553(a) warrant a sentence of 3 years' probation with a 6-month condition for home confinement, together with a special assessment of $1600 and other special and mandatory conditions of supervision. This sentence will reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense. Further, the court concludes that a sentence of probation will afford adequate deterrence to future criminal conduct and protect the public from further crimes.

As to defendant Alicia Morales-Phillips, the court likewise finds that the factors in § 3553(a) warrant a sentence below the advisory guideline range. Ms. Morales-Phillips is a 54-year old with no prior criminal history. Her offenses are non-violent and not particularly sophisticated or

complex. She does not have any history of aggressive or non-compliant behavior and poses a low risk of danger to the community. As with her co-defendant, the court finds that the factors in § 3553(a) warrant a sentence of 3 years' probation with a 6-month condition for home confinement, together with a special assessment of $1600 and other special and mandatory conditions of supervision. This sentence will reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense. Further, the court concludes that a sentence of probation will afford adequate deterrence to future criminal conduct and protect the public from further crimes.

III. *Conclusion*.

Defendants' objection concerning application § 2L2.1 is DENIED. The court finds that no ruling on defendants' other objections is necessary because the disputed matters will not affect the sentence. The court denies the request for a departure, but imposes a variance sentence for the reasons stated above.

The Probation Officer in charge of this case shall see that a copy of this order accompanies any copy of the Presentence Report made available to the Bureau of Prisons. IT IS SO ORDERED this  4th   Day of May, 2007.

                                              s/Wesley E. Brown
                                              Wesley E. Brown
                                              U.S. Senior District Judge